**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kathleen Ann Ammond,<br><br>Plaintiff,<br><br>v.<br><br>Nancy A. Berryhill,<br>Acting Commissioner of Social Security,<br><br>Defendant. | No. CV-16-3856-PHX-DGC<br><br>**ORDER** |

Plaintiff Kathleen Ammond seeks review under 42 U.S.C. § 405(g) of the final decision of the Commissioner of Social Security, which denied her disability insurance benefits under §§ 216(i) and 223(d) of the Social Security Act. The parties agree that the ALJ's decision contains reversible error. The Commissioner asks the Court to remand for further proceedings (Doc. 17), while Plaintiff asks the Court to remand for an award of benefits (Docs. 13, 18). Because further administrative proceedings would serve no useful purpose and there are no substantial grounds for doubting that Plaintiff is disabled, the Court will reverse and remand for an award of benefits.

**I.     Background.**

Plaintiff is a 59 year-old female who previously worked as a medical record clerk and front office clerk or receptionist. A.R. 69, 277. Plaintiff applied for disability insurance benefits on September 17, 2010, alleging disability beginning on December 5, 2008. A.R. 277-83. On July 26, 2012, the ALJ denied Plaintiff's

application after holding a hearing. A.R. 165-73. On November 26, 2013, the Appeals Council vacated the decision and remanded the case for further proceedings. A.R. 180-83. On November 25, 2014, the same ALJ held a second hearing at which Plaintiff again testified. A.R. 38-93. A vocational expert also testified. *Id.* On May 4, 2015, the ALJ issued a decision that Plaintiff was not disabled within the meaning of the Social Security Act. A.R. 12-26. This became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review on September 8, 2016. A.R. 1-5.

**II. Legal Standard.**

The Court reviews only those issues raised by the party challenging the ALJ's decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court may set aside the determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

**III. The ALJ's Five-Step Evaluation Process.**

To determine whether a claimant is disabled for purposes of the Social Security Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, and the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). To establish disability, the claimant must show that (1) she is not currently working, (2) she has a severe impairment, and (3) this impairment meets or equals a listed impairment or (4) her residual functional capacity ("RFC") prevents her performance of any past relevant work. If the claimant meets her burden through step three, the Commissioner must find her disabled. If the inquiry proceeds to step four and the claimant shows that she is incapable of performing past relevant work, the Commissioner must show in the fifth step that the claimant nonetheless is capable of other work suitable for her RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4).

At step one, the ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2014, and has not engaged in substantial

gainful activity since December 5, 2008. A.R. 15. At step two, the ALJ found that Plaintiff has the following severe impairments: obesity, fibromyalgia, osteopenia, lumbar spondylosis, and bilateral knee impairment. A.R. 15-18. The ALJ acknowledged that the record contained evidence of anemia, hypertension, right trochanteric bursitis, bilateral carpal tunnel syndrome, and mood disorder, but found that these are not severe impairments. *Id.* At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals a listed impairment. A.R. 18. At step four, the ALJ found that Plaintiff has the RFC to perform sedentary work with some additional limitations, and that Plaintiff is able to perform her past relevant work as a medical front office clerk/receptionist. A.R. 26.

**IV. Analysis.**

Plaintiff argues that the ALJ's decision is based on legal error and is not supported by substantial evidence. Doc. 13 at 4. Specifically, Plaintiff contends that the ALJ erred by rejecting Plaintiff's symptom testimony and the opinions of three treating doctors, an examining doctor, and a non-examining psychologist – evidence primarily related to her mental impairments. *Id.* Defendant concedes that the ALJ erred in determining that Plaintiff's mental impairments are not severe. Doc. 17 at 4. The ALJ rejected the opinion of an examining psychologist, Dr. Brent Geary, because Plaintiff was not being treated for her mental health impairments. A.R. 17. Defendant concedes, and the Court agrees, that this was error because Plaintiff testified that she had gaps in insurance coverage and could not afford treatment. Doc. 17 at 4-5. Plaintiff argues that, crediting Dr. Geary's opinion as true, the Court must remand for an award of benefits. Doc. 18 at 3.[1]

Where an ALJ fails to provide adequate reasons for rejecting evidence of a claimant's disability, the Court must credit that evidence as true. *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). An action should be remanded for an immediate award of

---

[1] Because the parties agree that this error requires reversal, the Court will not address Plaintiff's additional arguments.

benefits when: (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) the ALJ would be required to find the claimant disabled if the improperly discredited evidence were credited as true. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014) (internal citations omitted). But courts may "remand for further proceedings when, even though all conditions of the credit-as-true rule are satisfied, an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Id.*

Defendant argues that further proceedings are necessary to re-evaluate Plaintiff's RFC and ability to perform past or other work considering her severe mental impairments. Doc. 17 at 4-6. But the record is fully developed on this issue. Dr. Geary opined that Plaintiff is severely limited in her ability to respond to customary work pressures, and moderately limited in her ability to perform simple tasks. A.R. 1138. "Severe" is defined as off-task greater than 21% of an eight-hour work day. A.R. 1139. "Moderate" is defined as off-task 11% to 15% of an eight-hour work day. *Id.* At Plaintiff's second hearing before the ALJ, Plaintiff's attorney posed the following hypothetical to the vocational expert:

> [Attorney]: Next I'd like you to assume the following: let's assume an individual suffered from a moderately severe restriction in the ability to respond to customary work pressures and a moderate restriction in the ability to perform simple tasks, and –
>
> ALJ: Can you define –
>
> [Attorney]: [M]oderately severe is defined as 11 to 15 percent off task. Would that preclude such an individual from performing claimant's past work?
>
> [Vocational Expert]: Yes.
>
> [Attorney]: Would there be any other jobs such an individual could sustain?
>
> [Vocational Expert]: No.

A.R. 84. This questioning was derived from Dr. Geary's opinion, and in fact understates the restrictions Dr. Geary identified. Thus, if Dr. Geary's opinion were credited as true, the ALJ would have found that Plaintiff is unable to perform her past work and unable to perform any other job – that Plaintiff is disabled. Further administrative proceedings would serve no useful purpose given that a vocational expert has already testified to the exact issue the Court would instruct the ALJ to determine on remand.[2]

Defendant does not argue, and the Court does not find, that the record as a whole raises serious doubt about whether Plaintiff is disabled. *Garrison*, 759 F.3d at 1020.

**IT IS ORDERED** that the final decision of the Commissioner of Social Security is **vacated** and this case is **remanded** for an award of benefits based on Plaintiff's application dated September 17, 2010, with a finding of disability beginning December 5, 2008. The Clerk is directed to **terminate** this action.

Dated this 30th day of October, 2017.

_____
David G. Campbell
United States District Judge

---

[2] Plaintiff's treating psychiatrist, Dr. Suzanne Sheard, also opined that Plaintiff is moderately severely limited in her ability to respond to customary work pressures (defined as "seriously affect[ing] ability to function") and moderately limited in her ability to perform simple tasks ("affects but does not preclude ability to function"). A.R. 769-70.